Judy Tjahjadi KUSTANTO, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 05–70503.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 26, 2008.*

Filed Sept. 4, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Armin A. Skalmowski, Alhambra, CA, for Petitioner.

Paul Fiorino, Sada Manickam, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, KLEINFELD, and IKUTA, Circuit Judges.

## MEMORANDUM **

Judy Tjahjadi Kustanto, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), we deny the petition for review.

 Substantial evidence supports the conclusion that Kustanto's three-hour arrest, an incident in which he was hit twice while riding his bicycle, and the other incidents he encountered in Indonesia do not rise to the level of persecution. *See id.* at 1016–18. Substantial evidence also supports the conclusion that Kustanto failed to establish a well-founded fear of future persecution because, even if the disfavored group analysis applied to Chinese Buddhist Indonesians, he failed to demonstrate the requisite individualized risk of persecution. *Cf. Sael v. Ashcroft,* 386 F.3d 922, 927–29 (9th Cir.2004). Accordingly, his asylum claim fails.

Because Kustanto failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir.2006).

Substantial evidence further supports the denial of CAT relief because Kustanto did not show it is more likely than not that he will be tortured by or with the acquiescence of the Indonesian government. *See Silaya v. Mukasey,* 524 F.3d 1066, 1073 (9th Cir.2008)

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.